In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-10-00170-CR

                                                ______________________________

 

 

                              WILLIAM ALBERT SCHATTE,
Appellant

 

                                                                V.

 

                                     THE STATE OF TEXAS, Appellee

 

 

                                                                                                  


 

 

                                       On Appeal from the 336th
Judicial District Court

                                                             Fannin County, Texas

                                                            Trial
Court No. 23010

 

                                                         
                                         

 

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                            Memorandum Opinion by Justice Moseley








                                                     MEMORANDUM 
OPINION

 

            William
Albert Schatte appeals from his convictions on his plea of guilty, made before
a jury, for aggravated sexual assault in four cases, and for one conviction for
indecency with a child.  In a unified
brief, he complains that the trial court committed reversible error at the
punishment phase that requires remanding the cause for a new hearing on
punishment.

            In
this case, he was convicted for indecency with a child by sexual contact, and
was sentenced to twenty years’ imprisonment and a $10,000.00 fine.  

            Schatte
raises a single issue on appeal, in which he contends that the trial court
erred by admitting evidence of a prior bad act—anal contact with the
victim—although the State had not given him notice of its intent to use the
evidence, notwithstanding his request for such notice.  

            Because
the issue raised in each appeal is identical, for the reasons stated in our
opinion dated this day in Schatte v. State, cause number 06-10-00166-CR, we affirm the judgment of the
trial court.

 

 

 

 

                                                                        Bailey
C. Moseley

                                                                        Justice

 

Date Submitted:          May
25, 2011

Date Decided:             May
26, 2011

 

Do Not Publish






margin-right: 0.5in">          Q        No. I'm not trying to trick you or anything I just want to get in
the record that you did initial -- you initialled all the pages of the Downs
report right? One, two, three, four, five, and six. You initialled all those
pages?

          A        Yes.

          . . . .

          Q        One last question. If Sheila Manning says that she gave you
the complete report that I've marked as Defendant's Exhibit No. 1, which is
the colored copied one. If she said she gave you that complete report and
that you signed, initialled it and gave it back to her, you have no reason to
disagree with that would you?

          A        I have no reason to disagree that she might have given it to me
and I initialled it, but I don't ever remember reading over it.

The failure of one party to read a contract, or any of the materials appertaining to it,
however, does not equate with a failure of the other party to disclose the information
contained within the four corners of that contract. Absent a showing Cendant
misrepresented the information disclosed in written form, Falconer was obligated to protect
himself by reading the contract. He cannot now be excused from the consequences of
failing to meet that obligation. See Gillis, 694 S.W.2d at 147; Amouri, 20 S.W.3d at 169.
Conclusion
          Reviewing the evidence in the light most favorable to Falconer, we conclude there
is no evidence showing Cendant failed to disclose any information in an attempt to
fraudulently induce Falconer to contract. On the contrary, the evidence conclusively
establishes Cendant disclosed all matters material to Falconer's claims. Because there
is no evidence to support the jury's findings, we reverse the trial court's judgment and
render judgment that Falconer take nothing.
 
                                                                           Josh R. Morriss, III
                                                                           Chief Justice

Date Submitted:      March 31, 2004
Date Decided:         April 9, 2004